NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-566

TYRONE WALKER

vs.

JULIANE PIERRE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In this summary process action, a judge of the Housing Court concluded after a bench trial that the plaintiff, Tyrone Walker, held the premises in constructive trust for the defendant, Juliane Pierre, and ordered entry of judgment for Pierre on Walker's claim for possession.  On appeal Walker argues that the judge erred by imposing a constructive trust, that Pierre's defense of constructive trust is time barred, and that the judge erred by denying Walker's motion for use and occupancy payments pending appeal.[1]  We affirm.

_____

[1] Walker also appealed from the judge's orders denying his motion for relief from judgment, his motion for full findings of fact and rulings of law pending appeal, and his motion to consolidate the appeals.  After the respective appeals were docketed, they were consolidated in this court.  Walker's brief

Background.  This is the second time this matter has come before us.  In the first appeal, brought by Pierre from a judgment awarding possession to Walker, a panel of this court concluded in an unpublished memorandum and order that the judge failed to adequately address Pierre's equitable defense regarding "the division of the value of the premises."  Walker v. Pierre, 102 Mass. App. Ct. 1113 (2023).  The panel thus remanded the case for the judge to "address whether [Pierre] made out a claim or defense that affects [Walker's] right to possession or otherwise warrants relief within the Housing Court's jurisdiction."  Id.  Noting that Pierre "already had the opportunity to present evidence" at the bench trial, the panel left it to the judge's discretion whether to take additional evidence.  Id.[2]

On remand Pierre requested that the judge permit further discovery, but Walker opposed the request.  At a status conference, the judge informed the parties that she had enough evidence to decide the issues on remand but would permit briefing on the question of whether Pierre "made out a case for

---

in the consolidated appeals raises no argument regarding the denials of the aforementioned motions, so we deem all of those issues waived.  See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).

[2] The history of the proceeding prior to the remand is set out in detail in the panel's memorandum and order, and we do not repeat it here.

constructive trust." After each party submitted a legal memorandum, the judge heard oral argument and then issued a decision in which she made the following factual findings.

The parties were in a long-term relationship and have two children, who were fifteen and thirteen years old at the time of trial. Walker purchased the premises in March 2009 for the benefit of Pierre and their children. Pierre's mother assisted with the purchase and owned the premises jointly with Walker until she transferred her interest to him at some later point. Pierre trusted Walker, and it was her belief that the premises "was always ours; for us and the kids."

Pierre lived at the premises at all times relevant to this action. The parties have never had an agreement regarding rent, and Pierre does not owe any unpaid rent. Walker pays the mortgage on the premises, and Pierre pays the electricity, gas, cable, and internet bills. Pierre also paid the water bill until March 2019. While Walker was in jail and while he was unemployed, Pierre did "whatever needed to be done for the house."

Based on these findings, the judge concluded that "the ongoing relationship between [Walker] and [Pierre] created a fiduciary relationship between them" and that Walker "holds the premises as the constructive trustee for the benefit of" Pierre.

The judge thus ordered that judgment enter for Pierre on the complaint for possession.

Discussion. 1. Constructive trust. "Equitable principles impose a constructive trust on property to avoid the unjust enrichment of a party who violates his fiduciary duty and acquires that property at the expense of the person to whom he owed that duty." Sullivan v. Rooney, 404 Mass. 160, 163 (1989). We review the judge's findings on the existence and breach of a fiduciary duty for clear error. See Michaud v. Forcier, 78 Mass. App. Ct. 11, 15 (2010). We review the judge's imposition of an equitable remedy, such as a constructive trust, for abuse of discretion. See Cavadi v. DeYeso, 458 Mass. 615, 624 (2011), quoting Demoulas v. Demoulas, 428 Mass. 555, 589 (1998).

We discern no clear error in the judge's finding that the parties' "ongoing relationship . . . created a fiduciary relationship between them" and no abuse of discretion in her determination that the circumstances warranted imposing a constructive trust. A fiduciary duty need not be one "that is established as a matter of law" but "may arise from the circumstances," such as "from a relationship of trust and confidence" (quotation omitted). Maffei v. Roman Catholic Archbishop of Boston, 449 Mass. 235, 247 (2007). Here, the parties were in a long-term relationship and had two children together. The judge credited Pierre's testimony that Walker

4

purchased the premises for her benefit and that of the children, that she "trusted" Walker, and that she believed that the premises "was always ours; for us and the kids." Consistent with that belief, Pierre lived with the children in the premises for over a decade, paid bills, and did "whatever needed to be done for the house" when Walker could not because of incarceration or unemployment.

The judge was within her discretion to impose a constructive trust based on these facts. This case is similar to Sullivan, 404 Mass. at 161, in which the parties, an unmarried couple in a long-term relationship, lived together in a home that each thought "would belong to both of them" but the defendant took title to in his name alone. When the relationship deteriorated and the defendant claimed sole ownership of the home, the plaintiff brought suit to obtain title as a tenant in common. See id. at 161-162. The court held that "[i]t would be unjust not to impose a constructive trust" because the plaintiff "contributed her earnings and services to the home" based on the defendant's promises that they would own it together, and the plaintiff reasonably relied "on those promises made by one in whom she reasonably placed special confidence." Id. at 163-164. Similarly, here, Pierre contributed financially to the premises and helped in maintaining it in reasonable reliance on Walker's assurances

5

that it belonged to both of them.  A constructive trust was justified in these circumstances.  See id.  See also Hatton v. Meade, 23 Mass. App. Ct. 356, 357-358, 365 (1987) (judge properly imposed constructive trust over house that defendant took title to alone, where plaintiff relied on defendant's representation that they owned it together and they lived there for years as though husband and wife).

We are unpersuaded by Walker's argument that Pierre failed to meet her burden of proof because she did not provide documentation to corroborate her testimony.  Generally, "[a] witness's testimony alone, without corroboration, may meet a party's burden of proof."  In re Estate of Stacy, 96 Mass. App. Ct. 447, 460 (2019).  Walker cites no authority to the contrary. We also do not consider Walker's assertion that Pierre "strengthened her financial position" while living in the premises, as that assertion is based on documents that are not part of the record.

2.  Statute of limitations.  Walker next argues that Pierre's "claim" for a constructive trust is barred under the three-year statute of limitations set out in G. L. c. 260, § 2A. Walker did not raise this argument to the judge, however, so it is waived.  See Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006).  Moreover, Pierre raised the issue of constructive trust as a defense to Walker's complaint for possession, and

6

Walker cites no authority to support the proposition that the statute of limitations applies to defenses, as opposed to claims.  The argument is waived for this additional reason.  See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).

3.  Use and occupancy.  Likewise, Walker cites no authority and offers no reasoning to support his contention that he, the losing party below, is entitled to use and occupancy payments from Pierre, the prevailing party, pending his appeal.  Thus, this argument is also waived.  See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).

Conclusion.  The judgment is affirmed.  The order dated December 5, 2023, denying Walker's motion for relief from judgment and motion for use and occupancy payments is affirmed.

The order dated February 8, 2024, denying Walker's motion for full findings of fact and rulings of law pending appeal and motion to consolidate appeals is affirmed.[3]

<u>So ordered</u>.

By the Court (Meade, Shin & Tan, JJ.[4]),

Clerk

Entered:  July 2, 2025.

---

[3] In a prior order, we struck portions of Walker's brief that included citations to nonexistent cases.  We note that the arguments raised would not have changed the outcome of the appeal in any event.

[4] The panelists are listed in order of seniority.